Submitted on petition for review filed August 5, petition for review denied November 7, 1997

STATE OF OREGON ex rel
Francis Stuart WHELAN,
*Petitioner on Review,*

*v.*

Dan NOELLE,
Sheriff, Multnomah County,
*Respondent on Review.*

(CC 96-07-35656; CA A94568; SC S44427)

947 P2d 1120

Francis S. Whelan filed the petition for review *pro se*.

No appearance *contra*.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

MEMORANDUM OPINION

The petition for review is denied.

Fadeley, J., dissented and filed an opinion.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

**FADELEY, J.,** dissenting.

I dissent from the order denying the writ of habeas corpus without requesting any return or hearing thereon. I am not ready to deny review of the issue of availability of the writ in this case.

The trial court found as fact, beyond a reasonable doubt, that petitioner was not a fugitive. He did not "flee from Justice." That wording, of course, tracks the words of the federal constitution found in Article IV, section 2, second sentence. It is the basis for interstate extradition. That basis is lacking here. Moreover, under that finding, Oregon is not an "asylum" state under the Uniform Criminal Extradition Act, ORS 133.743 to 133.833 and 133.839 to 133.855, but instead was and is petitioner's home. ORS 133.747, the operative part of the uniform act, applies only to a person "who has fled from justice and is found in this state." Therefore, the act does not apply.

Plaintiff's petition for the writ states that there is no factual basis whatever for any venue in Puerto Rico for any possible criminal charge filed by the government of that commonwealth. Venue is jurisdictional and must be established to support extradition, in my view. Until that is established, extradition is extra-legal. *Cf. Toth v. Quarles,* 350 US 11, 76 S Ct 1, 100 L Ed 8 (1955).

Assuming for the sake of argument that the uniform act does apply, I do not presently believe that the uniform act, with particular reference to ORS 133.823, can prevent or suspend the use of the writ of habeas corpus to determine whether there exists a lawful basis for incarceration and transportation 4,000 miles away from one's home. The statute cannot suspend or override availability of the writ in its historical context. Or Const, Art I, § 23.